IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01981-BNB

ROB ALLEN PATTERSON,

    Plaintiff,

v.

PUEBLE COUNTY JAIL MEDICAL,
DR. [name unknown], Pueblo County Jail,
NURSE JENNY,
OFFICER STURANTVANT,
PUEBLO COUNTY JAIL CLASSIFICATION, and
NARCOTICS DIV. MAIL ROOM,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 04 2009

GREGORY C. LANGHAM
CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Rob Allen Patterson, is a prisoner at the Pueblo County Jail in Pueblo, Colorado. Mr. Patterson has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the complaint liberally because Mr. Patterson is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Patterson will be ordered to file an amended complaint.

The court has reviewed Mr. Patterson's complaint and finds that it is deficient. First, it appears that some of the Defendants identified by Mr. Patterson in the caption of the complaint are not proper Defendants in this action. Mr. Patterson is advised that § 1983 "provides a federal cause of action against any person who, acting under color

of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It does not appear that the Defendants identified in the caption of the complaint as "Pueblo County Jail Medical," "Pueblo County Jail Classification," and "Narcotics Div. Mail Room" are persons subject to suit pursuant to § 1983. Therefore, Mr. Patterson will be directed to file an amended complaint that clarifies who he is suing. Mr. Patterson should name as Defendants in the second amended complaint the persons he believes actually violated his constitutional rights.

Mr. Patterson also lists two Defendants in the text of the complaint who are not listed as Defendants in the caption of the complaint. Mr. Patterson is advised that, pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[i]n the complaint the title of the action shall include the names of all the parties." Therefore, Mr. Patterson should identify each Defendant in the caption of the amended complaint he will be ordered to file. Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."

Mr. Patterson also must clarify in his amended complaint the specific claims for relief he is asserting against each Defendant and he must allege specific facts that demonstrate how each Defendant personally participated in the asserted violations of his rights. Although Mr. Patterson makes factual allegations describing his medical treatment, his treatment during counseling, his lack of privileges, and his legal mail, he apparently expects the court to determine what specific claims may be supported by

those factual allegations and against which Defendant or Defendants each of those claims is being asserted. That is not a judicial function. The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Patterson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Patterson must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986). Accordingly, it is

ORDERED that Mr. Patterson file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Patterson, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Patterson fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 4, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01981-BNB

Rob Allen Patterson
Prisoner No. 3892
Pueblo County Jail
909 Court Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/4/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk